*Lisi v. Federal Bureau of Prisons*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-six.

PRESENT:    Gerard E. Lynch,
            Steven J. Menashi,
            Maria Araújo Kahn,
                *Circuit Judges.*

_____

BRANDON LISI,

      *Plaintiff-Appellant,*

   v.                                                    No. 25-510

FEDERAL BUREAU OF PRISONS, UNITED STATES OF AMERICA, DEPARTMENT OF JUSTICE, JOHN DOES #1-10, JANE DOES #1-10, XYZ ENTITIES #1-10,

      *Defendants-Appellees.*

_____

*For Plaintiff-Appellant*:    Jonathan I. Edelstein, Edelstein & Grossman, New York, New York.

*For Defendants-Appellees*:    Varuni Nelson, Diane C. Leonardo, Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Central Islip, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Brandon Lisi appeals from the judgment of the district court granting summary judgment to the defendants on his medical-malpractice claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The district court concluded that Lisi failed to present his administrative tort claim within two years of when his claim accrued, as 28 U.S.C. § 2401(b) requires. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

**I**

"We review a district court's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Conn. Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*, 167 F.4th 605, 615 (2d Cir. 2026) (quoting *Garcia v. Heath*, 74 F.4th 44, 47-48 (2d Cir. 2023)). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Kravitz v. Purcell*, 87 F.4th 111, 118-19 (2d Cir. 2023) (internal quotation marks omitted).

Under the FTCA, a tort claim against the United States is "barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). In the medical-malpractice context, an FTCA claim accrues when the plaintiff knows, or in the exercise of reasonable diligence should have known, of the existence of the injury and its cause. *See United States v. Kubrick*, 444 U.S. 111, 122-23 (1979); *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 139-40 (2d Cir. 2011). "A plaintiff need not know each and every relevant fact of his injury or even that the injury implicates a cognizable legal claim. Rather, a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice." *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998) (alteration omitted) (quoting *Guccione v. United States*, 670 F. Supp. 527, 536 (S.D.N.Y. 1987)).

We agree with the district court that Lisi knew, or with reasonable diligence should have known, that he had suffered an injury related to the medical treatment he received while in federal custody more than two years before he submitted his Standard Form 95 on December 7, 2018. As the district court explained, Lisi had the requisite knowledge in 2015, after his July 2015 oral surgery and his September 2015 follow-up visit at which reinfection and inflammation were documented. *See Lisi v. Fed. Bureau of Prisons*, No. 19-CV-7317, 2025 WL 458225, at *7 (E.D.N.Y. Feb. 11, 2025). The record further shows that Lisi experienced continuing symptoms and, by late 2015, described the surgery as "botched" and attributed his condition to the treatment he had received. *Id*. at *7-8.

Lisi argues that his claim did not accrue until December 12, 2016, when, during a visit with Dr. Carl Bifano, he learned of the entirety of the harm, including bone loss and related complications. Once a plaintiff knows or has reason to know that he has suffered a compensable injury, however, "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007) (quoting 1 Calvin W. Corman, Limitation of Actions § 7.4.1, at 526-27 (1991)). "Were it otherwise, the statute [of limitations] would begin to run only after a plaintiff became satisfied that he had been harmed

3

enough," which would place "the supposed statute of repose in the sole hands of the party seeking relief." *Id.* In fact, the statute begins to run once the plaintiff possesses "the critical facts that he has been hurt and who has inflicted the injury." *Kubrick*, 444 U.S. at 122.

Even if we were to accept Lisi's argument that the events in 2015 were insufficient for the claim to accrue, the record shows that Lisi had the critical facts by November 2016 at the latest. By that time, Lisi had experienced persistent and worsening symptoms, had attributed his condition to the purportedly botched surgery, and had been evaluated by Dr. Bifano, who had "determined that [Lisi] demonstrated cyst enucleation and that extraction of tooth #14 was needed, but was no longer feasible due to the missing bone portions in [Lisi's] mouth." *Lisi*, 2025 WL 458225, at \*3 (internal quotation marks omitted). At that point, Lisi had "knowledge of, or knowledge that could lead to, the basic facts of the injury, *i.e.*, knowledge of the injury's existence and knowledge of its cause." *Kronisch*, 150 F.3d at 121 (quoting *Guccione*, 670 F. Supp. at 536).

Lisi presented his administrative tort claim on December 7, 2018. Because the claim had accrued—at the latest—by November 2016, it was untimely under § 2401(b). The district court therefore properly granted summary judgment to the defendants.

## II

We are not persuaded by Lisi's argument that the defendants waived the statute-of-limitations defense. Although § 2401(b) is nonjurisdictional and may be waived, the defendants raised the limitations provision of the FTCA in the answer by raising as an affirmative defense that Lisi's claims "are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b)(1) and 2671-2680." App'x 451; *see also United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015) ("[T]he FTCA's time bars are nonjurisdictional."). Although § 2401(b) does not contain subsections, the defense based on § 2401(b) was sufficient to notify Lisi that the defendants had raised a statute-of-limitations defense. And indeed the defendants

4

raised the limitations period in the motion for summary judgment, to which Lisi had the opportunity to respond. *See* App'x 26-29. We cannot conclude either that the statute-of-limitations defense was waived or that Lisi suffered unfair surprise or prejudice from the application of that defense.

*    *    *

We have considered Lisi's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court